**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA           :           Case No. 2:23-cr-00201-JDW

                    v.                                       :

CANDELARIO MARTINEZ                    :

## MEMORANDUM

Candelario Martinez seeks to end his term of supervised release early. I conclude that he has not shown me that the interests of justice require such a change.

## I.    BACKGROUND

On April 12, 2022, Mr. Martinez pled guilty to conspiring to distribute and possess with intent to distribute 400 grams and more of mixtures and substances containing fentanyl. On August 15, 2022, the Honorable Katherine Polk Failla of the Southern District of New York sentenced him to time served with three years of supervised release, including twelve months of home confinement enforced by location monitoring. His supervision was transferred to me.

Now, having completed nearly 25 months of his term of supervised release, Mr. Martinez has filed a motion for early termination of his supervised release. He submits that he has complied with the terms of his supervised release and has shown remorse for his actions. He seeks termination so that he may take steps to improve his poor health, further assist his daughter and grandchildren, and visit his sick mother in the Dominican Republic. The Motion is ripe for disposition.

1

II.     **LEGAL STANDARD**

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release prior to its expiration. In doing so, the court must consider the following factors from 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012). After evaluating those factors, a court may terminate supervised relief only if it is satisfied that "the defendant's conduct and the interest of justice" warrant an early termination. 18 U.S.C. § 3583(e). There need not be an exceptional circumstance presented to grant a defendant's motion. *See United States v. Melvin,* 978 F.3d 49, 53 (3d Cir. 2020). However, the Third Circuit has explained:

> We think that *[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. §3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

*Id.* (citation and quotation marks omitted). The statute confers "broad discretion" on a court in making this determination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

### III.   ANALYSIS

Upon consideration of all the required factors under § 3583(e)(1), I decline to exercise my discretion to terminate Mr. Martinez's supervised release early. I do not find that "the defendant's conduct and the interest of justice" warrant an early termination. 18 U.S.C. § 3583(e). I explain my findings for the most pertinent of these factors.

As to the second factor, there's little need to deter Mr. Martinez from criminal conduct, protect the public, or provide him with the footing he needs to restart his life. Mr. Martinez helps his daughter care for her children and lives with his sister, brother-in-law, and son. The primary purpose of supervised release, reintegration into society, has largely been met. *See Murray*, 692 F.3d at 280–81. Regarding the rest of the second factor, he is receiving adequate medical care. Although he claims to suffer from poor mental health due to his home confinement, he has not submitted anything to suggest his supervision hinders his ability to attend to his physical or mental health.

While I commend Mr. Martinez's post-incarceration conduct, including his strong relationships with his family and his support of his daughter and grandchildren, I do not find his compliance alone enough to warrant early termination. Mr. Martinez does not show that any new or exceptional circumstances have arisen beyond his compliance. When a judge includes supervised release in a sentence, the baseline expectation is that

a defendant will comply with the terms. That compliance is not enough, on its own, to earn a reward like early termination of supervised release. Were it otherwise, then the exception would swallow the rule. *See United States v. Brodie*, No. 1:18-CR-0162-NLH-1, 2024 WL 195250, at *6 (D.N.J. Jan. 18, 2024) (collecting cases finding bare compliance insufficient). The level of supervision exerted on Mr. Martinez is proportionate to his good behavior. He generally only receives personal home visits with his assigned probation officer every 90 days or so. Mr. Martinez does not argue that these visits are onerous or otherwise impede his ability to reform his life.

I understand Mr. Martinez's desire to visit his mother. But Mr. Martinez hasn't submitted anything to suggest that he asked his Probation Officer or me for permission to travel for this reason and was denied. In fact, the Government stated, "the defendant can easily seek permission to travel, and the government would have no objection to such requests as deemed appropriate by the U.S. Probation Office." (ECF 17 at Page 2-3 of 7).

As to the third and fifth factors, Mr. Martinez hasn't submitted anything to suggest that finishing his term would be inconsistent with the kind of sentence established for his crimes or work a disparity to him compared to similarly situated defendants. As to the sixth factor, Mr. Martinez has complied with his restitution obligations.

Mr. Martinez also argues that the Government's position differs from that of the Assistant United States Attorney who handled his prosecution, Thomas Burnett. Maybe that's true, though I'm not inclined to credit Mr. Martinez's general assertion about what an Mr. Burnett told Mr. Martinez's lawyers. More importantly, Mr. Burnett's own, individual views do not trump the considered views of the Department of Justice, which the Government's filing represents.

## IV.    CONCLUSION

Mr. Martinez is on the right path. The remainder of his term of supervised release serves as a safety net to ensure that he stays on this commendable course. He has not shown that I should terminate that term early. I will therefore deny Mr. Martinez's Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

September 19, 2024